BENNETT HILLS GRAZING ASSOCIATION et al., Plaintiffs/Appellees,

v.

UNITED STATES of America et al., Defendants/Appellants.

No. 79–4397.

United States Court of Appeals, Ninth Circuit.

July 18, 1979.

As Amended Aug. 13, 1979.

Dirk D. Snel, Martin Green (argued), Appellate Section Lands & Nat. Resources Division, U. S. Dept. of Justice, Washington, D. C., for defendants-appellants.

Wilbur T. Nelson, Nelson & Westberg, Boise, Idaho, for plaintiffs-appellees.

Before ELY, GOODWIN and TANG, Circuit Judges.

## ORDER

The government appeals from the district court's order enjoining the Bureau of Land Management from proceeding with the preparation of a final environmental impact statement until plaintiffs have had ninety (90) days in which to comment on the Bureau's draft statement. We have expedited the appeal on the government's emergency motion.

The Supreme Court in *Kleppe v. Sierra Club*, 427 U.S. 390, 406, 96 S.Ct. 2718, 49 L.Ed.2d 576 (1976) and *Vermont Yankee Nuclear Power Corporation v. Natural Resources Defense Council, Inc.*, 435 U.S. 519, 525, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978) counseled the courts not to interfere with an agency's proceedings before the agency renders its decision. The Bureau of Land Management solicited comments on the draft statement in accordance with the time schedule suggested by the applicable regulation, 40 C.F.R. § 1500.9(f). The BLM time limitations were deemed necessary to permit the BLM to comply with the order of the District Court for the District Court of Columbia in *Natural Resources Defense Council, Inc. v. Andrus*, 448 F.Supp. 802 (1978). See also *Natural Resources Defense Council Inc. v. Morton*, 388 F.Supp. 829 (D.D.C.1974), *aff'd* 174 U.S.App.D.C. 77, 527 F.2d 1386 (1975), *cert. denied* 427 U.S. 913, 96 S.Ct. 3201, 49 L.Ed.2d 1204 (1976) (prior decision in same action).

Plaintiffs have not shown that judicial review after the preparation of the proposed environmental impact statement will be inadequate as a matter of law.

The injunction and related orders of the district court are vacated and the cause is remanded to the district court with instructions to dismiss the action without prejudice to such judicial review as may be appropriate upon completion of final agency action. At this time we express no opinion on the merits of the controversy.

Vacated and remanded. The mandate will issue now. No petition for rehearing will be entertained. See Fed.R.App.P. 2.